## PUGH v. M'RAE.

1. In an action, on the case, against a sheriff for neglecting to arrest a defendant, on civil process, or, for permitting his escape, after arrest, the measure of the plaintiff's damages is the injury sustained by the failure of the officer to discharge his official duty.

2. The *admissions* of a party, whom the sheriff is charged with having permitted to escape, or failed to arrest on civil process, are evidence against the sheriff to show the extent of the liability of the party escaping, or not arrested, to the plaintiff, whether he can or cannot be examined as a witness.

THIS was an action, brought in the Circuit Court of Barbour, by the plaintiff in error against the defendant. The declaration contains two counts. In the first, it is alledged, that the plaintiff sued out of the Circuit Court of Barbour, a writ, for a breach of covenant, against Green Ball; on which writ, bail was required to be taken; that the writ being placed in the hands of the defendant, as sheriff of that county, he executed it upon the body of Ball, but suffered him to go at large, with-

out first executing a bond with bail. The second count al-
ledges a failure to execute the writ according to its mandate.
Both counts aver, that the plaintiff has been greatly injured, and
delayed in the collection of his damages of Ball; and that he is
in danger of losing the same.·

The cause was submitted to the jury, who returned a verdict
for the defendant.

On the trial, the plaintiff excepted to the ruling of the Court.
The bill of exceptions states, the plaintiff offered to prove the
declarations of Ball, made before his arrest by the defendant,
in order to shew the liability of Ball to respond in damages, in
the action brought against him; but the Court excluded all
evidence of his declarations, except such as were made subse-
quent to his arrest and previous to his escape. Whereupon
the plaintiff excepted; and judgment being rendered against
him, he has prosecuted a writ of error to this Court.

The only question presented by the assignment of errors, is
the correctness of the opinion of the Court, as stated in the bill
of exceptions.

BUFORD, for the plaintiff in error.
J. D. PHELAN, for the defendant.

COLLIER, C. J.—The defendant is sought to be charged—
1st. For permitting the escape of an individual, arrested on
mesne process. 2nd. For neglecting to arrest him. The mea-
sure of damages, in either case, must be the extent of the in-
jury sustained, by the failure of the defendant to discharge his
official duty. [Tombeckbee Bank vs. Godbold, 3 Stewart's
Rep. 240; Clark vs. Smith, 9 Conn. Rep. 380; Brooks vs.
Hoyt, 6 Pick. Rep. 468.] Hence, it was incumbent on the
plaintiff, to shew what sum he was entitled to recover of Ball.
It will not be denied, that the admissions of the latter would
have been admissible against himself, to shew the amount of
his liability; but it has been said, that they cannot be received
in an action against the sheriff, to charge him with the plain-
tiff's loss, consequent upon his neglect; unless they were made
subsequent to an arrest, and previous to the escape. Let us
inquire, if this distinction rests upon reason and authority.

If the party, against whom process was placed in the hands of the sheriff, was arrested, the plaintiff might prosecute his suit against him, and recover a judgment, upon shewing that he admitted a liability; and he might then, in the action a-gainst the sheriff, introduce that judgment as evidence.

What principle of law would prevent the plaintiff from ceasing to prosecute his suit against the party escaping, and seek a recovery against the sheriff, for his breach of duty? If he could do this, should not evidence, which would be admissible against the debtor, be also received against the sheriff? It may have been supposed, that the defendant in the original process, should have been examined, instead of proving his declarations by a third person. Now, it may be regarded as doubtful, upon authority, whether he could have been compelled to testify for the plaintiff. [2 Phillips on Ev. Cow. & H.'s ed. notes, 517—518. But, conceding that he might have been used as a witness against his consent, and it will not necessarily follow, that it was incompetent to prove his admissions by others. If an admission is made in writing, it is clear, that the party, wishing to avail himself of it, must produce the writing, or account for its absence. This requisition rests upon the ground, that written evidence is of a higher grade, than that which is delivered verbally. But, if there be no writing, but only an objection, that the person who pronounced the words, should be produced, and the hearer excluded, it is quite obvious, that this goes not to the *competency*, as founded upon *grade*. Nor can it be regarded as merely hearsay evidence. The declarations of an agent are admissible as those of the principal, though the agent himself might be called as a witness. [2 Phil. Ev. Cow. & H.'s ed. notes, 182—435.]

If the first count be regarded as charging a voluntary escape, Ball would be a competent witness for the defendant; for his interest would be adverse to the latter. In Waters v. Burnett, 14 Johns. Rep. 362, it is said that, if the escape was voluntary, the officer could not recover against the prisoner, who was, therefore, interested to procure a verdict in favor of the plaintiff, by which he would be discharged from all liability to the plaintiff on the original indebtedness. [See, also,

Bridge v. McLane, 2 Mass. Rep: 520.] The defendant, then, being authorised to examine the party escaping, might, had he desired it, have had the benefit of his evidence, and explained his declarations, if susceptible of explanation. But the plaintiff could not have examined him, as his own witness, for the reason, as we have seen, that he was interested in his recovery against the defendant; and, if his admissions could not be related by those who heard them, the plaintiff must lose the benefit of them.

If the liability of Ball had been shown by writing, the paper would have been evidence against the defendant, upon the ground, that it contained an admission. True, the writing would be a higher grade of evidence; but the principle, which authorizes its admission, would tolerate the introduction of a verbal declaration.

In the second count of the declaration, the defendant is sought to be charged for a failure to execute process. If the process was never executed, the plaintiff could not have prosecuted his suit, against Ball, to judgment, and might probably be entirely remediless; unless the evidence excluded, had been permitted to go to the jury. The distinction taken by the Court, between declarations made before and after the service of the writ, we think, is not well founded in principle or authority.

Our conclusion is, that the judgment must be reversed, and the cause remanded.